# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF MAINE

| | |
|---|---|
| LYNN MERRILL, et al., <br><br> Plaintiffs <br><br> v. <br><br> MATTHEW DUNLAP, et al., <br><br> Defendants. | CIVIL ACTION NO. 1:20-cv-00248-JAW |

## JOINT STATUS REPORT

NOW COME Plaintiffs Lynn Merrill, Nicholas Giudice, Pauline Lamontagne and Cheryl Peabody, together with the Defendants, Matthew Dunlap, Secretary of State, in his official capacity and the Maine Department of the Secretary of State (collectively "the Secretary"), and the Cities of Augusta, Bangor, Portland, and the Town of Winslow, and in their official capacities Tracy Roy, Augusta City Clerk & Registrar of Voters, Lisa Goodwin, Bangor City Clerk & Registrar of Voters, Katherine Jones, Portland City Clerk & Registrar of Voters, Lisa Gilliam, Winslow Town Clerk & Registrar of Voters (collectively, the "municipal defendants"), to report on the status of this matter to the Court as follows:

1

1. At a status conference with the Court on August 10, 2020, counsel reported that they were in the process of reviewing the Secretary's plan to implement statewide accessible absentee voting for the November 3, 2020 general election. This plan had been endorsed by counsel for all the municipal defendants. As of August 10, 2020, counsel for the Secretary was in the process of obtaining answers to plaintiffs' counsel's questions and anticipated being able to provide responsive information by Wednesday, August 12, and the parties agreed that further discussion and review of information would be fruitful toward resolving any need for a hearing on Plaintiffs' Motion for Preliminary Injunction. The Court directed the parties to submit a joint status report on or before August 14, 2020 with an update on the potential for an agreed-upon resolution. *See* ECF 18. The Court also set a telephone conference for August 14, 2020. *See* ECF 19.

2. On August 13, 2020, counsel for the Secretary submitted to plaintiffs' counsel additional information regarding the proposed plan to implement statewide accessible absentee voting. At that time, counsel for the Secretary and counsel for the plaintiffs had a telephone conference to further discuss the Secretary's plan.

3. A general summary of the Secretary's plan includes the following basic elements:

   a. **New Accessible Absentee Ballot Request Service:** A new application is being added to the state's existing Absentee Ballot Request (ABR) Service that will enable civilian voters who self-certify that they have a disability to complete an online request for an accessible absentee ballot and receive the accessible ballot from the Secretary's Elections Division.[1]  The design specifications require the application to be accessible by standard screen reader software[2], to enable a voter who is blind or visually impaired to navigate the application and complete the form fields.  Voters will be provided with confirmation (in an accessible form) that their request is completed after they submit it.  Once the application is approved, the voter will receive a secure log in and credentials to access the state ballot[3] for the electoral districts in which they reside, as well as any local ballots submitted as described in paragraph e below.

   b. **Publicizing the Secretary's New Accessible ABR Service:** The Secretary's web site will contain information directing voters to the ABR service and towns can do the same on their websites.  The Secretary will provide notice to all municipalities that accessible absentee voting is being offered for voters with

---

[1] Individuals may contact their municipal clerks or the Secretary of State's Office to inquire about or express the need for an accessible absentee ballot due to a disability. Municipal clerks will be advised by the SOS that if a voter contacts them (by phone, email or otherwise) to ask for an accessible absentee ballot, the clerk must direct the voter to the ABR service because using that service will be the only effective way to submit a request for an accessible absentee ballot. The Secretary's web site will contain information directing voters to the ABR service as well, and towns can do the same on their web sites.
[2] Including, for example, JAWS, VoiceOver, TalkBack and NVDA (hereafter, "standard screen reader").
[3] The state ballot contains all the federal, state and county offices, and any statewide citizen initiative or people's veto petition that may qualify for the ballot.

disabilities, and will provide instructions to municipalities for submitting the content of their ballots in proper format and on time.

      c. **Testing of New Accessible ABR Service:** The Secretary's vendor will test the new application for the ABR service to ensure its effective usability by blind and visually impaired voters. The target date for completion of modifications to the ABR service is the end of August 2020;

      d. **Development of New Universally Accessible PDF (UA/PDF) Ballots:** The Secretary's existing vendor of the balloting system for Uniformed Overseas Citizens Absentee Voting Act (UOCAVA) voters, IVS, LLC, is reprogramming that system to be able to generate a universally accessible pdf (UA/PDF) absentee ballot that blind and visually impaired voters will be able to download and review using a standard screen reader.  Voters will be able to mark their choices independently and confidentially, and then submit the ballot via a secure delivery system using the secure log in credential provided through the ABR service referenced in paragraph a above.

      e. **Municipal Ballots:** The systems described above will accommodate municipal ballots as well as state ballots.  Municipalities holding local elections in conjunction with the upcoming statewide general election will be responsible for submitting the content of their ballots in proper format and on time, in accordance with instructions developed by the Secretary in consultation with its vendor.  Both

the state and local ballots cast by voters using the accessible ballot system for this election would be submitted to the Secretary, but would be separated upon receipt and forwarded to the appropriate municipality for counting since the Secretary does not count ballots for municipal elections. The system includes a privacy shield to protect the privacy of the local ballot in the handling process.

  f. **Testing of the UA/PDF Ballots:** The parties agree that rigorous usability testing of the accessible absentee ballot system, including testing from the point of making the request for the accessible ballot to accessing and filling out the ballot to returning the ballot, by both the developers of the system and individuals who are blind or visually impaired is crucial to ensure the success of the system. The Secretary and its vendors, InforME and IVS, LLC, will undertake their own testing of the systems and IVS further invites Plaintiffs, Plaintiffs' expert, others who are visually impaired or blind, and advocacy groups to participate in testing of the new system before full implementation. Plaintiffs will provide names and contact information of testers to the Secretary by Friday, August 21, 2020. External testing for the UA/PDF ballots will begin as soon as possible but no later than August 31, 2020.

  g. The proposed timeline provides for launching the new system by September 19, 2020.

4.At this time, the parties wish for the Secretary to begin promptly implementing its plan for accessible absentee ballots for voters with disabilities. Therefore, the parties respectfully request that the Court issue a further stay of deadlines in this case until Monday, September 14, 2020, and ask that the Court schedule a status conference on that day. The parties will file a joint status report prior to the conference.

Dated:  August 14, 2020

For Plaintiffs:

/s/ *Kristin L. Aiello*
Kristin L. Aiello, ME Bar No. 8071
Attorney for Plaintiffs
DISABILITY RIGHTS MAINE
160 Capitol Street, Suite 4
Augusta, Maine 04330
(207) 626-2774
kaiello@drme.org

Respectfully submitted,

For Defendant Secretary of State and Department of the Secretary of State:

/s/ *Phyllis Gardiner*
Phyllis Gardiner, Me. Bar. No. 2809
Assistant Attorney General
Valerie Wright, Me. Bar No. 9166
Assistant Attorney General
6 State House Station
Augusta, Maine 04333-006
(207) 626-8830
phyllis.gardiner@maine.gov

For the Municipal Defendants:

/s/ *Stephen E. F. Langsdorf*
Stephen E. F. Langsdorf, Esq.
/s/ *Laura Rideout*
Laura Rideout, Esq.
For the City of Augusta
and Tracy Roy
Preti Flaherty
P.O. Box 1058
45 Memorial Circle
Augusta, ME 04332-1058
207-623-5300

slangsdorf@preti.com

*/s/ Paul Nicklas*
Paul S. Nicklas, Me. Bar No. 4074
City Solicitor
For the City of Bangor and
Lisa Goodwin
73 Harlow Street
Bangor, Maine 04401
(207) 992-4275
paul.nicklas@bangormaine.gov

*/s/ Danielle P. West-Chuhta*
Danielle P. West-Chuhta
Corporation Counsel
For the City of Portland and
Katherine Jones
Portland, Maine 04101
(207) 874.8480
dwchuhta@portlandmaine.gov

*William A. Lee, III,*
William A. Lee, III, Esq., SBN 2557
For the Town of Winslow and Lisa Gilliam
O'Donnell Lee, P.A.
P.O. Box 559
Waterville, ME 04903-0559
207-872-0112
walee@watervillelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing document entitled Joint Status Report via the Court's CM/ECF system, which will serve a copy of same upon all counsel of record.

DATED: August 14, 2020

                                          */s/ Kristin L. Aiello*
Kristin L. Aiello, ME Bar No. 8071
Attorney for Plaintiffs
DISABILITY RIGHTS MAINE
160 Capitol Street, Suite 4
Augusta, Maine 04330
(207) 626-2774
kaiello@drme.org